STATE, RESPONDENT, v. MURPHY, APPELLANT.

(No. 3,219.)

(Submitted January 15, 1913.   Decided January 31, 1913.)

[129 Pac. 1058.]

*Criminal Law—Trial—Argument—Technicalities—Reversal of Judgment—Appellant must Show Prejudice.*

1.  Under sections 9415 and 9548, Revised Codes, a judgment of conviction in a criminal prosecution will not be reversed for alleged error in permitting the county attorney to exceed the limits of legitimate argument in addressing the jury, where it is apparent that appellant could not have suffered prejudice in respect to any substantial right.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

I. J. MURPHY, convicted of the crime of grand larceny, appealed from the judgment and an order denying him a new trial. Affirmed.

Cause submitted on briefs of counsel.

*Mr. W. F O'Leary,* and *Mr. Geo. A. Judson,* for Appellant.

Where conviction is sought upon circumstantial evidence, all the circumstances proved must be consistent with each other, and with the hypothesis that the accused is guilty, and at the same time inconsistent with any other rational hypothesis. (*State* v. *Suitor,* 43 Mont. 31, Ann. Cas. 1912C, 230, 114 Pac. 112; *State* v. *McCarthy,* 36 Mont. 226, 92 Pac. 521; *State* v. *Foster,* 26 Mont. 71, 66 Pac. 565; *State* v. *Duncan,* 40 Mont. 531, 107 Pac. 510.)

The county attorney was permitted, over the objection of counsel for the defendant, to state to the jury that the court would not submit this case to the jury "if the evidence was insufficient to warrant a conviction." This argument practically tells the jury that if the defendant was not guilty, the court would not

submit the case to the jury, which is not a legitimate argument, and the jury should have been admonished to disregard the remarks. And further, the county attorney was permitted to state, over objection, that "If the truth were known, the witness Burnett was one of the conspirators in this case with defendant Murphy and with the defendant Hinkle, and that he had a guilty knowledge of the entire transaction with defendant Murphy." There is no evidence of any such state of affairs in this case, and such an argument prejudiced the rights of the defendant. (*Harwell* v. *State,* 61 Tex. Cr. 233, 134 S. W. 701; *State* v. *Clark,* 114 Minn. 342, 131 N. W. 369; *State* v. *Knudson,* 21 N. D. 562, 132 N. W. 149; *State* v. *Hyde,* 234 Mo. 200, Ann. Cas. 1912D, 191, 136 S. W. 316; *People* v. *Pisano,* 142 App. Div. 524, 127 N. Y. Supp. 204; *Ross* v. *State,* 61 Tex. Cr. 12, 133 S. W. 688; *Clements* v. *State,* 61 Tex. Cr. 161, 134 S. W. 728; *Kirksey* v. *State,* 61 Tex. Cr. 298, 135 S. W. 124.)

*Mr Albert J. Galen,* Attorney General, and *Mr. J. A. Poore,* Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

I. J. Murphy was convicted of grand larceny and appeals from the judgment and from an order denying him a new trial. Only two questions are presented:

First. It is urged that the evidence is insufficient to sustain the judgment. A recital of the testimony would not serve any useful purpose. We have examined the record carefully, and are of the opinion that the trial court did not err in submitting the cause to the jury.

Second. Complaint is made that counsel for the state exceeded [1] the limits of legitimate argument in addressing the jury. Whether or not this charge is well founded is not of consequence here, for it is impossible that defendant could have suffered in respect to any substantial right.

In view of the provisions of sections 9415 and 9548, Revised Codes, and the oft-repeated pronouncements by this court, it is

idle for counsel to hope to secure a reversal upon such a thread-bare technicality as is presented here.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.